IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHAUN FAULEY, individually and as the representative of a class of similarly-situated persons, | )<br>)<br>) |
| Plaintiff, | )<br>) No.   1:15-cv-02171<br>) |
| v. | ) Judge: Jorge L. Alonso<br>) |
| HESKA CORPORATION, | )<br>) |
| Defendant. | ) |

## FINAL APPROVAL ORDER AND JUDGMENT

The parties' proposed class action settlement having come before the Court for a final fairness hearing on February 28, 2019, at 11:00 a.m., in Room 1219, United States District Court for the Northern District of Illinois, Eastern Division, 219 S. Dearborn St., Chicago, IL 60604, at which all persons were given an opportunity to be heard, and the Court having considered the submissions of the parties, including Plaintiff's Motion for Final Approval of Class Action Settlement, the statements of counsel, and the fairness of the settlement's terms;

IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:

1. This Court grants final approval of the settlement agreement between the parties previously filed with the Court on November 5, 2018 (the "Settlement Agreement") (Doc. 151-1), and finds that the settlement is in all respects fair, reasonable, and adequate, and in the best interests of the Certified Class and all those affected by it.  The Settlement Agreement is hereby incorporated by reference in full into this Final Approval Order and Judgment ("Final Judgment"), and all capitalized terms defined in the Settlement Agreement will have the same meanings as used in this Final Judgment.  Any timely objections that were filed have been considered and are overruled.  Accordingly, this Final Judgment binds all members of the Certified Class who did not timely and properly opt out of the settlement.

2. This Court has jurisdiction over Plaintiff, Shaun Fauley ("Plaintiff"), the members of the Class, and Defendant, Heska Corporation ("Defendant"), and the claims asserted in this lawsuit.

3. This Court finds that the parties entered into the Settlement Agreement in good faith, following arm's-length negotiations, including mediation before a neutral third-party, and that the settlement was not collusive.

## Class Certification

4. On November 13, 2018, pursuant to Federal Rule of Civil Procedure 23, the Court entered an order entitled, "Order Preliminarily Approving Settlement of the Previously Certified Class" (the "Preliminary Approval Order") (Doc. 156).

5. On August 24, 2018, the Court certified the following class (the "Class'):

> "All persons or entities who were successfully sent one or more facsimiles regarding Heska Corporation's goods or services from March 12, 2011, through July 21, 2014, that either (1) contain no "opt-out notice" explaining how to stop future faxes or (2) contain an opt-out notice stating, "To unsubscribe from Heska's promotional faxes, please call 800-464-3752, ext. 4565 or fax (970) 619-3008, and indicate your clinic name and fax number."

The Court further appointed Plaintiff as the Class Representative and Brian J. Wanca of Anderson & Wanca as Class Counsel. In the Settlement Agreement the Parties settled the certified class claims. Excluded from the Class are: (a) Defendant and its present and former officers, directors, shareholders, employees and their successors, assigns and legal representatives; (b) the Court and its officers, and (c) any persons or entities who timely and validly exclude themselves from the Class.

## Class Notice

6. Plaintiff submitted the affidavit of Dorothy Sue Merryman to demonstrate that the "Notice of Class Action Settlement (the "Notice") was sent to the members of the Class as ordered in the Preliminary Approval Order. The Court finds that the Notice and the process by which it

was sent fully complied with the requirements of Federal Rule of Civil Procedure 23 and due process under the United States Constitution, constituted the best notice practicable under the circumstances, and was due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.

### Objections and Opt-Outs

7. No members of the Class filed objections to the settlement.

8. Twenty (20) entities/persons have properly requested exclusion from the settlement (See Exhibit 1 attached to this order) and are hereby excluded from the Class.

### Class Compensation

9. Defendant has created a settlement fund of $6,750,000.00 (the "Settlement Fund") and made it available to pay Class members, to pay an incentive award to Plaintiff for serving as the Class Representative, and to pay Class Counsel's attorneys' fees and reasonable out-of-pocket expenses, including class administrative fees. None of the monies in the Settlement Fund will revert back to Defendant.

10. As the Parties agreed in the Settlement Agreement, each member of the Class who does not opt out will be paid a pro-rata share of the Settlement Fund after the deductions set forth in Paragraph 9. The Settlement Administrator will cause those checks to be mailed after receiving the funds from Defendant. As agreed between the Parties, any Class member that does not cash the settlement check issued to it within 90 days after the date on the check surrenders all right to payment under the Settlement Agreement and agrees that the amount of the settlement check is to be donated to Canine Companions for Independence, a 501(c)(3), an organization that Defendant has stated is widely supported by the veterinary community and that provides assistance dogs for the disabled including military veterans.

**Incentive Award and Attorneys' Fees and Costs**

11. Pursuant to the Settlement Agreement, the Court approves and awards a $15,000.00 Incentive Award to Plaintiff for serving as the class representative in this matter. In accordance with the Settlement Agreement, the Settlement Administrator will pay that amount from the Settlement Fund on the Agreement's Effective Date.

12. Pursuant to the Settlement Agreement, the Court approves and awards attorney's fees to Class Counsel in the amount of $2,250,000.00 (33 1/3% of the Settlement Fund), plus reasonable out-of-pocket expenses, including notice and administrative fees of $101,175.64. The Settlement Administrator will pay said amounts from the Settlement Fund on the Agreement's Effective Date.

**Releases, Injunction, and Dismissal**

13. All claims or causes of action of any kind by Plaintiff and all Class members are forever barred and released pursuant to the terms of the releases set forth in the Parties' Settlement Agreement. This release does not apply to actions brought by the government.

14. This lawsuit is dismissed with prejudice as to Plaintiff and all members of the Class and without fees or costs except as provided above.

**Other Provisions**

15. The Court adopts and incorporates all of the terms of the Settlement Agreement by reference herein and the Parties are directed to effectuate the settlement in accordance with the Settlement Agreement.

16. The Court finds that there is no just reason to delay the enforcement of or appeal from this Final Approval Order and Judgment.

ENTERED:
2/28/19



_____
Jorge L. Alonso, United States District Judge